890 A.2d 978

STEPHEN RIVELLI, PETITIONER–RESPONDENT, v. MH
& W CORPORATION, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 6, 2005—Decided February 8, 2006.

Before Judges STERN, FALL and GRALL.

*Joseph M. Soriano* argued the cause for appellant (*Rotella and Soriano,* attorneys; *Mr. Soriano,* on the brief).

*Allen Safrin* argued the cause for respondent (*Kenneth H. Wind and Associates,* attorneys; *Mr. Wind,* of counsel; *Mr. Wind and Mr. Safrin,* on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

Respondent-employer [1] ("employer"), MH & W Corporation, appeals from an order entered on July 26, 2004, determining "that the Respondent is obligated to pay for Petitioner's prescription of Lipitor." [2]

On November 6, 1996, petitioner sustained an orthopedic injury "arising out of and in the course of his employment" when he

---

[1] "Respondent" is the appropriate term in Workers' Compensation proceedings even though the respondent is the appellant on this appeal. We also use the term "employer" to avoid confusion.

[2] Respondent also appeals from an "amended order" of September 21, 2004, awarding counsel fees, but no issue is addressed to that order.

injured his back while lifting a box. While undergoing physical therapy after back surgery, petitioner developed unstable angina which required aortocoronary bypass graft surgery.

On June 27, 2001, the judge of compensation entered an "Order Approving Settlement," which provided that petitioner was totally disabled, and divided responsibility for benefits between the respondent and the Second Injury Fund. According to the Order Approving Settlement,

(1) The Petitioner was in the employ of the Respondent on November 6[,] 1996 which date and during which time he sustained injuries arising out of and in the course of his employment. Petitioner injured his back while lifting a box. He has undergone an anterior interbody fusion and disectomy at the L5–S1 level using allograft as well as cages. Petitioner while undergoing Physical Therapy developed unstable angina which required aortocoronary bypass graft surgery.

These injuries are of an orthopedic, neurologic and cardiological nature.

. . . .

(3) *The Respondent has or will pay for all medical treatment because of said injury. The Respondent has or will pay for any cardiological related medical bills which have not been paid. . Respondent will continue to provide to the Petitioner such reasonable and necessary medical care as the Petitioner's related conditions require.*

. . . .

(7) The permanent disability *resulting from said accident* is orthopedic, neurologic, and cardiological, the Petitioner is 100% Totally and Permanently Disabled as a result of a combination of all conditions.

[Emphasis added.]

Following the entry of the "Order Approving Settlement," petitioner filed a "Notice of Motion for Reimbursement and Establishment of Prescription Plan for Medication" to "establish a prescription plan" for the Lipitor, to require the employer reimburse him for out-of-pocket expenses for Lipitor, and to pay for counsel fees and costs of the motion.

At the motion hearing, Dr. Sidney Friedman, petitioner's expert in cardiology, reported that petitioner had "arteriosclerotic heart disease," occlusive coronary artery and that "Lipitor is not only a drug to prevent the progression of the risk factor of elevating cholesterol and other lipids, but in essence in recent years has been found to be a treating drug and is used as such." According

to Dr. Friedman, "Lipitor is a preventative drug, and is specifically used for coronary artery disease," and is appropriate "for a combination of preventive and therapeutic purposes." To the contrary, Dr. Joel Duberstein, the employer's expert, opined that the prescription for Lipitor was not "causally related" to petitioner's compensable "cardiac incident" but, rather, would be prescribed to reduce his high cholesterol, an independent risk factor of his "underlying coronary artery disease." According to Dr. Duberstein, the compensable incident had no "direct or other effects" on that disease.

After the evidentiary hearing, the judge told the employer:

> You are responsible for the medical conditions contained in paragraph one [of the Order Approving Settlement], now and in the future. You are[] right as of the date of November 6, 1996[] [the angina] was not a compensable injury, but ... *the angina became your responsibility as compensable because of the physical therapy and because this was an order approving settlement and you've agreed to that under the status of the order approving settlement*, because the Fund requirements were also laid out in the decision of eligibility, that's the underlying basis of this coronary—the unstable angina and the heart condition was not your responsibility until the physical therapy aggravated it. When the physical therapy aggravated it, you owned it now and in the future. So that should he die from something involving the heart, you have, you have the responsibility for providing dependency benefits.

> [Emphasis added.]

The judge of compensation subsequently determined that the Lipitor would constitute compensable "palliative treatment." In rendering his decision, the judge stated that the issue was not whether petitioner's high cholesterol "contributed to his cardiac condition to make it compensable," but rather "whether or not the treatment for a condition that would worsen the cardiac condition such as high cholesterol is palliative in nature within the meaning of the treatment." The judge concluded that,

> [The employer's counsel] cites several cases ... that deal with the issues that involve my deciding whether or not cholesterol in this case would have contributed to his cardiac condition as found to be compensable. And if that were the standard, I would agree with [counsel]. But we're not at the position now of determining whether high cholesterol is related to the cardiac condition for the purposes of assessing the Respondent's liability. *We're now determining whether or not Lipitor is a drug that will assist the Petitioner in avoiding further cardiac*

*complications in the sense that high cholesterol was one of the risk factors that all of the doctors have assigned.*

[Emphasis added.]

Ultimately, the judge held that

> [t]he Lipitor to control the cholesterol doesn't deal directly with the heart condition such as medication for unstable angina, but does deal directly with reducing the risk factor for further complications and further worsening the disease. And in the sense I view that as palliative treatment ... I find that related and ask the [respondent] to pay for past prescriptions of Lipitor ... and to pay for future medications for Lipitor.

In other words, the judge concluded that the employer was responsible for providing the medication so long as it would be palliative in nature to prevent the petitioner's heart or cardiac condition from worsening.

On this appeal, the employer contends that petitioner's elevated cholesterol results from a metabolic disease that is independent of his compensable cardiological condition, and therefore, it should not be responsible for the payment of Lipitor, a cholesterol lowering drug. Specifically, the employer argues that,

> [We are] not liable to pay for Lipitor since petitioner's high cholesterol is an independent metabolic disease process which was not causally related to petitioner's compensable workers' compensation injury directly or by way of aggravation, exacerbation or acceleration. Moreover, [we] contend[] that petitioner's high cholesterol level is a personal risk factor for the development of coronary artery disease and therefore has no causal connection to this workers' compensation claim.

First, we agree with the judge of compensation that the angina became compensable under the terms of the "Order Approving Settlement." Paragraph (3) of the Order provides that "Respondent will continue to provide to the Petitioner such reasonable and necessary medical care as the Petitioner's *related conditions require,*" and paragraph (1) of the Order describes petitioner's injuries as "orthopedic, neurologic and cardiological." We conclude that the settlement agreement is controlling irrespective of whether or not the judge would have otherwise found the heart condition compensable after a contested hearing. *See N.J.S.A.* 34:15-7.2. Because the employer conceded in the settlement agreement that the "cardiological" condition resulted from

the therapy related to the compensable accident, the settlement covers treatment for the petitioner's cardiac condition.

However, whether the petitioner's cholesterol condition (hyperlipidemia) is "related" to his compensable cardiological condition, or the result of it, such that the employer is liable for the payment of Lipitor, is a separate question.

In New Jersey, an employer must "furnish to an injured worker such medical, surgical and other treatment, and hospital service as shall be necessary to cure and relieve the worker of the effects of the injury and to restore the functions of the injured member or organ where such restoration is possible." *N.J.S.A.* 34:15-15. Accordingly, in *Hanrahan v. Twp. of Sparta,* 284 *N.J.Super.* 327, 336, 665 *A.*2d 389 (App.Div.1995), *certif. denied,* 143 *N.J.* 326, 670 *A.*2d 1067 (1996), we held that in total or partial disability cases alike, "*N.J.S.A.* 34:15-15 provides for continued treatment, whether or not labeled as 'palliative,' as long as there is a showing by competent medical testimony that the treatment is *reasonably necessary to cure or relieve the effects of the injury.*" (Emphasis added). *See also Raso v. Ross Steel Erectors, Inc.,* 319 *N.J.Super.* 373, 383, 725 *A.*2d 690 (App.Div.), *certif. denied,* 161 *N.J.* 148, 735 *A.*2d 573 (1999) (requiring showing that treatment is "reasonable and necessary to cure and relieve" the injury to the worker).

We, therefore, agree with the judge of compensation that the employer is responsible for reasonably necessary treatment that will either relieve or cure the petitioner's work-related condition (as found by the judge or as stipulated in the settlement). However, the judge in this case did not find or conclude that the petitioner's hyperlipidemia was related to, or caused by, his compensable heart condition. Such a finding is necessary to determine the employer's liability for the continued prescription of Lipitor.

After this case was decided, the Federal Food and Drug Administration (FDA) released new clinical test results which found that "Lipitor, at its lowest dose of 10 mg, reduced the relative risk of

heart attack by 36 percent compared to placebo." As a result, the FDA "approved the cholesterol-lowering therapy Lipitor ... for the prevention of cardiovascular disease by reducing heart attack risk in people with normal to mildly elevated levels of cholesterol but with other risk factors for heart disease." In addition, "[t]he FDA also approved Lipitor to reduce the risk of angina (chest pain) and to reduce revascularization procedures, such as balloon angioplasty, that help open blocked arteries."

On March 30, 2005, the petitioner filed a Notice Of Motion and Certification In Support Of Motion, asking us for leave to expand the record below, take judicial notice of the FDA's findings related to Lipitor or remand the matter to the Division of Workers' Compensation to settle or supplement the record. On April 25, 2005, we granted the motion to supplement the record, but declined to remand for further proceedings at the time.

The new clinical results show that Lipitor is now approved not only to treat high cholesterol, but also to directly treat cardiovascular conditions, including angina. As a result, even though the Lipitor was not initially prescribed to treat petitioner's unstable angina directly, and was prescribed only for his high cholesterol, under the circumstances, we deem it appropriate to remand for further proceedings directed to the relationship between petitioner's work-related condition and his hyperlipidemia and the use of Lipitor to treat a condition for which the employer is responsible.

Accordingly, the matter is remanded to the Division of Workers' Compensation for further proceedings consistent with this opinion.